for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currency of the invoices should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

No. 57507.—C. J. Tower & Sons v. United States, protests 156174–K, etc. (Buffalo).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of hair-on leather the same in all material respects as that the subject of *Carey & Skinner, Inc.* v. *United States* (29 Cust. Ct. 8, C. D. 1436), the claim of the plaintiff was sustained.

No. 57508.—C. J. Tower & Sons v. United States, protests 180708–K, etc. (Buffalo).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of hair-on leather the same in all material respects as that the subject of *Carey & Skinner, Inc.* v. *United States* (29 Cust. Ct. 8, C. D. 1436), the claim of the plaintiff was sustained.

SEPTEMBER 29, 1953

No. 57509.—Allen Forwarding Co. v. United States, protest 141795–K.— Motion of Government for rehearing denied.

No. 57510.—British American Importation Co., Ltd. v. United States, protest 118502–K.— Motion of Government for rehearing denied.

No. 57511.—Malhame & Co. v. United States, protests 203317–K, etc.—Protests abandoned September 3, 1953. (Not published.) (Initial No. 182028–K.) Plaintiff's application for rehearing granted.

SEPTEMBER 28, 1953

No. 57512.—SUIT 4703.—Concord Watch Co., Inc. v. United States.— —C. D. 1348 affirmed June 3, 1953. C. A. D. 523.